RECEIVED
IN ALEXANDRIA, LA
JUL 3 1 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **REGINALD PETER FONTANA** | CIVIL ACTION NO. 3:04-CV-1620 |
| **VS.** | SECTION P |
| **WARDEN, WINN CORRECTIONS CENTER** | CHIEF JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Reginald Fontana, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, seeks to resume the collateral attack of his 2002 kidnapping conviction in the Fourth Judicial District Court. His petition for writ of habeas corpus (28 U.S.C. §2254) was filed in August 2004 and then voluntarily dismissed without prejudice in February 2005.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254, and all associated motions, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### Background

The pleadings, memoranda, and exhibits, along with the published jurisprudence of the State of Louisiana establishes the following relevant chronology:

1. Petitioner was convicted of second degree kidnapping

following trial by jury in the Fourth Judicial District Court, Ouachita Parish. He was sentenced to serve 15 years at hard labor. [rec. doc. 1, ¶3]

2. Petitioner appealed to the Second Circuit Court of Appeals. On June 12, 2002 his conviction and sentence were affirmed. State of Louisiana v. Reginald Fontana, 35,826 (La. App. 2 Cir. 6/12/2002), 821 So.2d 571.

3. His application for writs was denied by the Louisiana Supreme Court on June 27, 2003. State of Louisiana v. Reginald Fontana, 2002-2072 (La. 6/27/2003), 847 So.2d 1251.

4. Petitioner did not seek further direct review in the United States Supreme Court. [rec. doc. 1, ¶6(d)]

5. On June 24, 2004 petitioner filed an application for post-conviction relief in the Fourth Judicial District Court. [rec. doc. 9, Exhibit E] The application was denied on June 25, 2004. [rec. doc. 9, Exhibit F]

6. On June 30, 2004 petitioner filed a pleading seeking to stay all proceedings in the Fourth Judicial District Court. Petitioner requested the stay because he was experiencing heart problems and cardiac surgery had been scheduled. The pleading was denied on June 30 with the following notation, "Denied. The Court ruled on the latest filing for Post-Conviction Relief on June 25, 2004." [rec. doc. 16, p. 24, Exhibit 1A]

7. On July 2, 2004 petitioner filed a Notice of Intent to

Seek Writs and on July 6, 2004, the trial court set a return date of July 30, 2004. [rec. doc. 16, p. 25, Petitioner's Exhibit No. 1B] Petitioner, however, did not perfect his writ application by July 30, 2004, and did not file any pleadings in the Court of Appeals.[1]

8. Instead, on August 2, 2004 petitioner filed the instant *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. [rec. docs. 1-3][2]

9. On September 21, 2004 the undersigned directed the District Attorney of the Fourth Judicial District to file an appropriate response. [rec. doc. 4]

10. On October 21, 2004 the Respondent filed a Motion to Dismiss because petitioner failed to exhaust available state court remedies with respect to two "sub-grounds" or claims for relief – "... [constructive] denial of counsel..." and improper closing argument. [rec. doc. 9]

---

[1] See rec. doc. 12, p. 4,"Petitioner did not, and have not, filed any further actions seeking to pursue post-conviction relief in the Louisiana Courts (i.e. Second Circuit or the Louisiana Supreme Court) because of serious medical complications and because at/during the particular date of the occurrence, and the dates and times thereafter, the Winn Correctional Center selected and appointed inmate legal counsel substitutes had large case loads preventing them from providing the petitioner with the immediately required and necessarily close personal legal assistance called for to effectively prepare pleadings for presentation to the courts, and petitioner was experiencing great mental stress, such as physical pain, mental anguish, fright and shock, embarrassment and humiliation; and psychological injury which remains to date."

[2] According to petitioner, he filed the petition for *habeas corpus* instead of seeking further review in the Second Circuit Court of Appeals and the Louisiana Supreme Court, based on erroneous legal advice tendered by inmate counsel at Winn Corrections Center. [rec. doc. 16, p. 10]

11. On November 29, 2004 petitioner filed a "Response in Opposition" to the Respondent's motion to dismiss. In that pleading petitioner conceded that these claims, while litigated in the district court, were not raised in the Court of Appeals or the Louisiana Supreme Court for the reasons noted above. [rec. doc. 12]

12. On December 28, 2004, the undersigned ordered petitioner to either dismiss the unexhausted claims and proceed on the exhausted claims, or, dismiss the entire mixed petition and return to the Louisiana courts to exhaust state court remedies.[3]

---

[3] The undersigned observed:

The Respondent filed a motion to dismiss the petition for lack of exhaustion, arguing that, in the first issue, Fontana additionally argues he had constructive denial of counsel resulting in an illegal conviction, and in the fourth issue, Fontana additionally argues his conviction should be reversed on the ground of improper closing argument by the prosecutor.
Although Fontana did not raise these two additional issues on direct appeal, he raised them in his application for post-conviction relief ... which was denied by the district court judge on June 25, 2004... However, there is no evidence in the record that Fontana appealed that ruling, that the court of appeal ruled on his appeal, or that Fontana filed an application for writ of certiorari in the Louisiana Supreme Court which has been ruled on.

\* \* \*

Fontana admits in brief ... that, although he filed a notice of intent to apply for supervisory writs and the district court judge set a return date of July 30, 2004, he has not pursued that action in the court of appeal due to personal medical complications ... and a work backlog for the inmate paralegals at the prison.

Therefore Fontana has until January 31, 2005 to notify this court of whether he wants to proceed solely with the exhausted claims or whether he wants the court to dismiss his habeas petition without prejudice, so that he may exhaust all of his claims and reurge all of his claims in this court at a later date.

However, Fontana is forewarned that if he proceeds in this court now with only his exhausted claims, and later exhausts the remaining claims and files a second habeas petition on those claims, he runs the risk of having his second petition dismissed for abuse of the writ under Habeas Corpus Rule 9(b). [citations omitted] [rec. doc. 13]

13. Thereafter, in a pleading dated January 31, 2005, which was received and filed on February 2, 2005, petitioner indicated his desire "... to voluntarily withdraw/dismiss his petition ... in order to present the unexhausted claims ... to the highest state courts... preserving all appellate right to seek review in this Court at a later date, after exhaustion of the claims in the highest state court." [rec. doc. 14]

14. On February 3, 2005 the undersigned granted petitioner's voluntary motion to dismiss. [rec. doc. 15]

15. For reasons unknown to the undersigned, petitioner waited until sometime in December 2007 to resume his litigation in the Louisiana Courts.[4] On or about December 18, 2007 he filed a pleading in the Second Circuit Court of Appeals which he entitled, "Motion/Request for Issuance of a Certificate of Appealability; Re-instatement and Extension of Time within which to file a Delayed Out-of-Time Appeal from the Trial/Sentencing Court's Denial of the Petitioner's Application for Post-Conviction Relief in the 4th JDC in Docket No. 00-F0851..." [see rec. doc. 16, p. 12; see also p. 26, Petitioner's Exhibit 2(1),

---

[4] Petitioner claimed that "exceptional circumstances" – namely various ailments and conditions "... inhibited and interfered with this the petitioner's physical as well as mental abilities to attend to his legal affairs ultimately shutting him down requiring this the petitioner (herein) to be hospitalized and to undergo either triple or quadruple bypass surgery and then subsequently a second emergency surgery all of which began and took place from on or about May 1, 2004 and lasted until on or about at the very least October 19, 2004..." [rec. doc. 16, p. 18]

the Second Circuit's writ denial which notes that petitioner's pleadings were received on December 18, 2007 and filed in the Second Circuit on December 21, 2007.]

On January 24, 2008, the Second Circuit denied his writ application noting, "The applicant's conviction became final in June 2003. The applicant failed to seek timely review of the trial court's June 2004 denial of his post-conviction relief application, and based on the showing made, there is no basis for an exception to the time limitations set forth in La. C.Cr.P. art. 930.8. The application is therefore untimely. Consequently, the writ is denied." State of Louisiana v. Reginald P. Fontana, 43,257-KA (La. App. 2 Cir. 1/24/2008). [see rec. doc. 16, p. 26, Petitioner's Exhibit 2(1)]

16. On some unspecified dates petitioner sought review of the Second Circuit's January 2008 judgment in the Louisiana Supreme Court. For reasons that have not been explained, petitioner filed two separate writ applications. On March 27 and 30, 2009 both applications were denied. State ex rel. Reginald P. Fontana v. State of Louisiana, 2008-1047 (La. 3/27/2009), 5 So.3d 132; State ex rel. Reginald P. Fontana v. State of Louisiana, 2009-0326 (La. 3/30/2009), 6 So.3d 756. [see also rec. doc. 16, pp. 27-28] In both instances, the Supreme Court noted, "Result is correct."

17. The instant Motion to Reopen/Reinstate Case was signed

on April 28, 2009 [rec. doc. 16, p. 23], post-marked May 8, 2009 [rec. doc. 16, p. 29], and received and filed on May 11, 2009. In this pleading petitioner expressed his desire "... to proceed with his ... original petition for federal writs of habeas corpus relief, as the two unexhausted claims... have been presented to the state courts and heretofore seeks the reinstatement, reconveyance and recommencement of his original federal habeas corpus petition under and in Civil Action No. 04-1620..." [rec. doc. 16, p. 23]

### *Law and Analysis*

#### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence; when his conviction and sentence were affirmed by the Second Circuit Court of Appeals, he sought further direct review by filing an application for *certiorari* in the Louisiana Supreme Court. That

---

[5] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered.(see 28 U.S.C. § 2244(d)(1)(C) and (D)).

To the extent that petitioner claims that State created impediments prevented him from timely filing this petition (see §2244(d)(1)(B)), that claim is addressed in Part 2,below.

court denied writs on June 27, 2003. State of Louisiana v. Reginald Fontana, 2002-2072 (La. 6/27/2003), 847 So.2d 1251.

Petitioner did not seek further direct review in the United States Supreme Court [rec. doc. 1, ¶6(d)], and therefore, for AEDPA purposes, his judgment of conviction became final 90 days later, on or about September 27, 2003, when the period for seeking further review in the United States Supreme Court expired. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (28 U.S.C. § 2244(d)(1)(A) takes into account the 90-day period for filing a *certiorari* petition in the United States Supreme Court (see U.S. S.Ct. Rule 13(1)) in determining when a judgment becomes final by the conclusion of time for seeking further direct review.) Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until on or about September 27, 2004, to file his federal *habeas* petition.

Petitioner filed an application for post-conviction relief in the Fourth Judicial District Court on June 24, 2004. [rec. doc. 9, Exhibit E] That post-conviction proceeding remained pending until, at the latest, July 30, 2004, the return date set by the Fourth Judicial District Court as the deadline for petitioner's writ application in the Second Circuit Court of Appeals. [rec. doc. 16, p. 25, Exhibit 1B] See Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001)(§ 2244(d)(2) tolls the entire period allotted for timely state appellate review.) Thus,

9

petitioner was able to toll the 1-year limitations period from June 24, 2004 through July 30, 2004 pursuant to §2244(d)(2) which provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Nevertheless, a period of 277 days (or 9 months and 3 days) of the 1-year limitations period elapsed between the date that petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed his application for post-conviction relief in the Fourth Judicial District Court. As noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Thus, as noted in the previous Memorandum Order directing service of process, petitioner's original petition for writ of *habeas corpus* was indeed timely when it was filed on August 2, 2004. [see rec. doc. 4] However, petitioner's *habeas corpus* was voluntarily dismissed on February 3, 2005 to allow petitioner to return to the State courts and litigate his unexhausted claims. [rec. doc. 15] With the voluntary dismissal, petitioner's AEDPA

limitations period resumed on February 4, 2005.[6] At that point in time petitioner still had a period of 88 days remaining in the limitations period. Nevertheless, petitioner inexplicably allowed a period of almost 3 years – 2 years and 10 months and 11 days to be precise – to elapse before he resumed his state court litigation on December 18, 2007 with the filing of his "Motion/Request" in the Second Circuit Court of Appeals. [rec. doc. 16, pp. 12 and 26]

Petitioner, of course, implies that his original timely *habeas* petition was stayed during the period between February 3, 2005 (the date the petitioner's motion to dismiss was granted) and April 28, 2009, the earliest date that the "Motion to Reopen/Reinstate Case" could be considered to have been filed. However, nothing in the record supports such a claim. As previously noted, petitioner was given the option to proceed on his exhausted claims or "... to dismiss his *habeas* petition without prejudice, so that he may exhaust all of his claims and re-urge all of his claims in this court at a later date." [rec. doc. 13, p. 5] In response, petitioner filed a Motion to

---

[6] Title 28 U.S.C. §2244(d)(2) permits tolling of the AEDPA limitations period during the pendency of State post-conviction or collateral attacks. The filing of a petition for habeas corpus in federal court does not toll limitations. See Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Nevertheless, as is discussed more fully below, petitioner is eligible for the benefits of equitable tolling for the period that his federal habeas corpus petition remained pending since, when filed, his federal petition was timely.

11

Voluntarily Withdraw - Dismiss the Petition Filed Under 28 U.S.C. §2254." [rec. doc. 14] In that pleading petitioner indicated his desire "... to voluntarily withdraw/dismiss his petition which was filed pursuant to 28 U.S.C. §2254 in order to ... exhaust the remainder of the claims..." He concluded his motion with the prayer that his *habeas* petition "... be dismissed preserving all appellate rights to seek review in this Court at a later date after exhaustion of the claims in the highest state court." [rec. doc. 14] Finally, petitioner's motion to voluntarily withdraw/dismiss petition was granted without any qualifications. In other words, petitioner did not ask for, nor was he granted, a stay of these proceedings.[7]

In short, the available evidence establishes that the instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. Limitations - 28 U.S.C. §2244(d)(1)(B)

Petitioner implies that he is entitled to avail himself of the statutory tolling provision contained in §2244(d)(1)(D) based

---

[7] It should be noted that the voluntary dismissal was granted almost two months before the United States Supreme Court's March 30, 2005 decision in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). In that case, the Supreme Court approved, under certain circumstances, the stay and abeyance of *habeas* proceedings involving mixed petitions in order to allow habeas petitioner's the opportunity to return to state courts and exhaust their unexhausted claims without running afoul of the AEDPA's timeliness and second and successive provisions.

The options provided to petitioner in the instant case were in keeping with the jurisprudence as it existed prior to March 30, 2005. See, e.g. Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

on claims of ineffective assistance of inmate-counsel. Petitioner has not shown, nor can he, that the errors committed by inmate-counsel may be considered a "state created impediment" for the purpose of tolling the statute of limitations under 28 U.S.C. § 2244(d)(1)(B). As previously noted by the Fifth Circuit, "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition(2) by State action, (3) in violation of the Constitution or federal law." See Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir.2003). Simply stated, state prisoners have no constitutional right to either an attorney or "inmate counsel" in state post-conviction proceedings. Petitioner cannot rely on a claim ineffective assistance of post-conviction counsel. Martinez v. Johnson, 255 F.3d 229, 239 (5th Cir.2001). That being the case, petitioner cannot show that the ineffective assistance of inmate-post-conviction counsel was a violation of the Constitution which prevented him from timely or properly filing his federal *habeas corpus* petition.

In short, petitioner is not entitled to statutory tolling.

### 3. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also Fisher v.

13

Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting Davis, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See Turner v. Johnson, 177 F.3d 390, 291 (5th Cir.1999); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." Coleman v. Johnson, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled." Petitioner has asserted that "exceptional circumstances" – namely various physical ailments and prison conditions "... inhibited and interfered with this the petitioner's physical as well as mental abilities to attend to

his legal affairs ultimately shutting him down requiring this the petitioner (herein) to be hospitalized and to undergo either triple or quadruple bypass surgery and then subsequently a second emergency surgery..." Nevertheless, petitioner conceded that these "exceptional circumstances" began on May 1, 2004 and lasted until October 19, 2004. [rec. doc. 16, p. 18] Even if petitioner is afforded equitable tolling for this entire period,[8] it does not excuse his failure to litigate any of his claims during the almost three year period that began with the voluntary dismissal of his *habeas corpus* and ended with the filing of his ill-fated pleading in the Second Circuit Court of Appeals.[9]

### 4. Conclusion and Recommendation

---

[8] As shown above (see fn. 6) petitioner has been afforded equitable tolling from August 2, 2004 (the date he filed his habeas petition) through February 3, 2005 (the date petitioner's motion for voluntary dismissal was granted.) When petitioner filed his habeas petition, 88 days of the 365 day limitations period remained. However, by the time that the exhaustion issue was raised, the limitations period had expired. This circumstance was clearly beyond petitioner's control and therefore he is entitled to toll limitations during the initial pendency of his federal *habeas* action.

[9] It must also be noted that petitioner was able to litigate a civil rights claim that was pending in this court until March 2005. See <u>Reginald Peter Fontana v. Tim Wilkinson, et al.</u>, No.1:02-cv-1979. Petitioner filed this *pro se* civil rights complaint on September 13, 2002. [rec. doc. 1] During the period commencing in the summer of 2004, petitioner filed (1) a "Motion for Extension of Time to File Pleadings" on July 8, 2004 [rec. doc. 14]; (2) a "Motion for Extension of Time to File Response/Reply to Defendants' Motion to Dismiss/Summary Judgment" on December 2, 2004 [rec. doc. 25]; (3) a "Motion to File Amended Complaint" and "Memorandum in Opposition to Summary Judgment" filed on January 5, 2005 [rec. docs. 28-29]; (4) an "Objection to Report and Recommendation" filed on February 23, 2005 [rec. doc. 31]; and, a "Memorandum in Opposition to Motion to Dismiss/Summary Judgment" filed on March 1, 2005. [rec. doc. 32] Clearly, if petitioner was able to litigate his civil rights claims during this period, he was equally able to litigate his post-conviction claims in the Louisiana courts.

Petitioner voluntarily dismissed his timely filed *habeas corpus* petition in order to return to the Louisiana Courts to complete the exhaustion of state court remedies. His petition was dismissed without prejudice to allow him to return to federal court upon the completion of the exhaustion process. Petitioner did not ask for a stay of the federal proceedings and such relief was not afforded to him. Petitioner has been afforded equitable tolling for the period that his initial habeas corpus petition remained pending – August 2, 2004 (the date he filed his *habeas* petition) through February 3, 2005 (the date petitioner's motion for voluntary dismissal was granted). For reasons not fully explained, petitioner allowed a period of almost 3 years to elapse between the date his federal *habeas* action was voluntarily dismissed without prejudice and the date he filed post-conviction pleadings in the Louisiana court seeking to complete the exhaustion of state court remedies.

His current attempt to reopen and resume the federal habeas action must be dismissed as time-barred by the provisions of 28 U.S.C. §2244(d).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana _____, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE