RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| REGINALD PETER FONTANA | CIVIL ACTION NO. 3:04-CV-1620 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN, WINN CORRECTIONS CENTER | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by *pro se* petitioner Reginald Fontana. On July 31, 2009, Magistrate Judge James D. Kirk issued a Report and Recommendation [Doc. No. 19], recommending that the Court dismiss the petition for writ of habeas corpus and all associated motions.

The Court agrees with and ADOPTS the Report and Recommendation with one exception. On page nine of the Report and Recommendation, it states:

> Petitioner appealed his conviction and sentence; when his conviction and sentence were affirmed by the Second Circuit Court of Appeals, he sought further direct review by filing an application for *certiorari* in the Louisiana Supreme Court. That court denied writs on **June 27, 2003**. State of Louisiana v. Reginald Fontana, 2002-2072 (La. 6/27/2003), 847 So.2d 1251.
>
> Petitioner did not seek further direct review in the United States Supreme Court [rec. doc. 1, ¶6(d)], and therefore, for AEDPA purposes, his judgment of conviction became final 90 days later, on or about **September 27, 2003**, when the period for seeking further review in the United States Supreme Court expired. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (28 U.S.C. § 2244(d)(1)(A) takes into account the 90-day period for filing a *certiorari* petition in the United States Supreme Court (see U.S. S. Ct. Rule 13(1)) in determining when a judgment becomes final by the conclusion of time for seeking further direct review.) Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until on or about

**September 27, 2004**, to file his federal *habeas* petition.

[Doc. No. 19, p. 9 (emphasis added)]. While the Court agrees with the substantive law cited and the principles applied, for clarification, the Court points out that the 90-day period expired on September 25, 2003, and, thus, petitioner had until September 25, 2004, to file his federal habeas petition. However, this minor factual revision does not change the remainder of the analysis or the ultimate conclusion in the case, which the Court has adopted.

MONROE, LOUISIANA, this 26 day of August, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE